## Franzell's Executor v. Franzell.

(Decided March 28, 1913.)

### Appeal from Hardin Circuit Court.

1. Executors and Administrators—When Liable to Widow for Exemptions.—The executor who takes charge of the personal estate and pays it out to the creditors, is liable to the widow of the testator, for her exemptions if she renounces the will within one year.

2. Executors and Administrators—Payment of Creditors' Debts—Subrogation.—The executor will be subrogated to the rights of the creditors whose debts he paid.

H. L. JAMES, J. R. LAYMAN for appellant.

A. C. VANWINKLE, L. A. FAUREST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—. Affirming.

Sue Franzell brought a suit against her husband, Balzer Franzell, for divorce and alimony. While the suit was pending and before it was tried, he died on February 12, 1911, leaving a will which was duly admitted to probate. They had no children. By his will he left his wife $1.00, and devised his estate to some of his collateral kindred. Nicholas Franzell, his brother, was named as executor of the will and qualified. On July 20, 1911, Sue Franzell brought this suit against the executor and the devisees under the will in which she alleged that she had regularly renounced the will on June 7, 1911. She also alleged that the executor had not in his appraisement accounted for all the property he received; that she had received nothing from the estate. She prayed a settlement of the estate and judgment for what was coming to her on the settlement. The executor filed an answer in which he stated that the decedent left in cash at his death $217, which had come to his hands, and that he had received other personal property which he had sold amounting to about $35. He alleged that he had paid out all this money on the funeral expenses, the doctors' bills and other debts of the estate, and that there was no personal property in his hands; that a sale of some of the land would be necessary for the payment of the debts. The widow then entered a motion that the executor be required to pay over to her the sum of $245, being the amount which he had paid out on the debts. This motion was based upon the ground that she was entitled to the money on account of the exempt property to which she was entitled as widow, under section 1403, Ky. St., which provides that certain articles are exempt from distribution and sale, to the widow of an intestate, and shall be set apart to her by the appraisers of the estate, and if not on hand, so much money in lieu thereof. The concluding words of the section are as follows:

"The provisions of this section shall apply to cases where the husband dies testate and the widow renounced the provisions of the will in the time prescribed by law."

The next section provides that the widow may renounce the will in twelve months. In the case at bar, the widow renounced the will in about five months. But it is insisted for the executor that as he had paid out the money to the creditors before she renounced the will, he should not be required now to pay it to her. The circuit

judge refused to sustain this view and gave judgment against the executor. He appeals.

It is the plain purpose of section 1403 to set apart to the widow of an intestate certain property which is declared exempt from distribution and sale, and this property it has been held vests in the widow at the death of her husband. (Maloney v. Maloney, 92 Ky., 316.) In this case, however, the husband died leaving a will, and it is insisted that the property therefore did not vest in the widow. But the statute was passed for the protection of the widow, and it was intended to protect her no less where the husband dies without a will than where he dies leaving a will. The meaning of the statute is, that where the husband dies testate and the widow renounces the provisions of the will in the time prescribed by law, the provisions of the statute shall apply to her and protect her. The executor is charged with knowledge that the widow has power to renounce the will and take her rights under the statute. When he took charge of the property, he did so with this knowledge, and when he disposed of it, he did so knowing that the widow had the right to renounce the will, and claim the benefit of the statute. The purpose of giving the widow twelve months in which to renounce her husband's will is to allow her a reasonable time to learn what is best for her interest, and to take proper steps to protect herself. If the executor could in every case, when a will is probated, take charge of the personal property and dispose of it, leaving nothing for the widow, the statutory provision intended for her protection would amount to little. It is true in this case, there is land; but in many cases the personal property is all that she can look to; and when she renounces the will she is in the same position as if no will had been made, and her rights relate back to her husband's death. The executor could have protected himself by bringing a suit for a settlement of his accounts, asking the direction of the court in disposing of the money. When he did not do this, and disposed of the money without the consent of the widow, he became liable to her, and the circuit court properly so adjudged. It is a personal liability and therefore the circuit court did not err in enforcing the judgment by rule.

The executor will be subrogated to the rights of the creditors whose debts he paid, and may be made whole out of the proceeds of the sale of the land on a proper showing.

Judgment affirmed.