## Kentucky State Journal Company v. Workmen's Compensation Board.

(Decided January 27, 1915.)

### Appeal from Franklin Circuit Court.

CHARLES CARROLL, W. PRATT DALE, BROWN & NUCKOLS and ELMER C. UNDERWOOD for appellant.

JAMES GARNETT, Attorney General; ROBERT T. CALDWELL, Assistant Attorney General, and OTTO WOLFF for appellee.

RESPONSE TO PETITION FOR REHEARING BY SPECIAL JUDGE DORSEY*—Extending opinion in 161 Ky., 562.

In the petition for a rehearing we are asked to modify and extend the opinion. While in no particular receding from the position taken in the opinion herein, we have thought proper to make certain statements therein more explicit.

First: The provisions of the present Compensation Act, as far as they affect the employer, are unobjection-

---

*Two of the regular Judges, Judges Hannah and Nunn, having declined to sit in this case because of interest, pursuant to Section 117 of the Constitution, Hon. J. L. Dorsey, of Henderson, and Hon. J. M. Lassing, of Newport, were appointed by the Governor as Special Judges.

able, as they do not conflict with any provisions of the Constitution.

Second: Any employe coming within the provisions of the act may voluntarily agree to accept its provisions fixing and limiting his recovery in case of injury.

Third: He may likewise voluntarily accept the provisions of the act fixing the amount that shall be recovered in the event of his death, and said sum should be paid to his dependents if he leaves any, and if not, to his personal representatives. The Legislature has no power to direct that this sum shall in any event be paid into the compensation fund.

Fourth: Some provision should be made in the act whereby the employe signifies his acceptance of the provisions of the act by some affirmative act on his part. Silence on this subject should not be construed into acceptance.

Fifth: Provision should be made in the act for appeal to a court of competent jurisdiction for review in all cases where compensation is denied or where a less sum is allowed by the board than that claimed by the injured employe.

For the reasons indicated in the opinion the act in its entirety is void. The petition for a rehearing is overruled.