## Maynard v. Workmen's Compensation Board.

(Decided October 23, 1925.)

### Petition for Writ of Mandamus.

1.  Courts—Original Jurisdiction of Court of Appeals Not Necessary Where Adequate Remedy is Available by Appeal or Otherwise.—Original jurisdiction is not necessary, under Constitution, section 110, which, after limiting Court of Appeals to appellate jurisdiction, provides for issuing of such writs as may be necessary for general control of inferior jurisdictions, and does not exist where another and adequate remedy is available, either by appeal or otherwise.

2.  Courts—Circuit Court Has Original Jurisdiction to Grant Mandamus Against Workmen's Compensation Board, if Needed.—If for any reason claimant is entitled to writ of mandamus against Compensation Board, circuit court has original jurisdicton to grant same, and jursdiction of Court of Appeals is appellate only, except to control circuit courts and inferior courts in exceptional cases.

3.  Courts—Administrative Boards Are Not Inferior Courts.—Inferior jurisdictions, referred to in Constitution, section 110, relating to issuance of writs by Court of Appeals, are inferior courts, and not administrative boards.

4.  Courts—Petition for Special Control of Workmen's Compensation Board Not Within Provisions for General Control of Inferior Jurisdictions.—Petition seeking writ of mandamus to prevent Workmen's Compensation Board from reviewing an award under Ky. Stats., section 4902, is petition for special control, not included in

Constitution, section 110, giving Court of Appeals general control of inferior jurisdictions.

5. Mandamus—Court of Appeals Does Not Have Jurisdiction to Compel Workmen's Compensation Board by Mandamus to Apportion Award According to Directions of Former Appeal, After Board Ordered Retrial on Merits.—Where, on appeal from award of Workmen's Compensation Board, case was remanded, with directions, and board later, on motion of employer, under Ky. Stats., section 4902, ordered new trial on merits, giving claimant notice thereof, Court of Appeals did not have jurisdiction to compel board to apportion award according to directions by return of mandamus, since any action taken is reviewable on appeal.

W. G. RIDDLE for plaintiff.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Dismissing the petition.

In Kingston-Pocahontas Coal Co. v. W. S. Maynard, reported in 209 Ky. 431, 273 S. W. 34, the case was remanded to the Workmen's Compensation Board with directions "to determine the extent to which appellee's (Maynard) injury and his pre-existing disease contributed to his disability and apportion the award accordingly."

Pursuant thereto the board notified the parties that it had redocketed the case and set it for hearing at its next meeting "for the purpose of producing testimony that will enable the board to determine the extent to which the injured employe's injury and his pre-existing disease contributed to his disability."

Thereupon Maynard filed this action in this court seeking a writ of mandamus to compel the board to make the apportionment upon the evidence already before it; and the Kingston-Pocahontas Coal Company filed its petition with the compensation board for a review of the award as and for the reasons authorized by section 4902 of the statutes, which is section 21 of the compensation act. The compensation board then entered the following order and gave Maynard notice thereof: "It is ordered that this case be and it is reopened on motion of the defendant for trial on its merits." Thereupon Maynard filed an amended petition herein, setting up the above order, and again prayed "that a writ of mandamus issue to compel respondent, Workmen's Compensation Board,

to apportion the award without any further or more evidence in the case'' and for all proper relief.

To the petition as amended the compensation board has filed a special demurrer, challenging this court's jurisdiction to grant the relief sought by the writ of mandamus, or at all.

The jurisdiction exists, if at all, by reason of section 110 of the Constitution, which, after limiting this court to ''appellate jurisdiction only,'' provides, ''Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions.'' It will be noticed that the original jurisdiction conferred is narrowly limited to issuing such writs as are *necessary* to give this court *general* control of *inferior jurisdictions.*

We uniformly have held that such original jurisdiction is not necessary and, therefore, does not exist where another and adequate remedy is available, either by appeal or otherwise. Duffin v. Field, Judge, 208 Ky. 543, 271 S. W. 596; Rush v. Childers, 209 Ky. 119, 272 S. W. 404.

Obviously such is the case here, since any action of the compensation board either in apportioning the award pursuant to the mandate of this court or in reopening the case and reviewing the award under section 4902, *supra,* is reviewable upon appeal to the circuit court and thence to this court. Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010; Johnson, et al. v. Hardy-Burlingham Mining Co., 205 Ky. 752, 266 S. W. 635; Wagner Coal & Coke Company v. Gray, 208 Ky. 152, 270 S. W. 721; Louisville Milling Company v. Turner, 209 Ky. 515, 273 S. W. 83.

Again, if for any reason Maynard were entitled to a writ of mandamus, injunction or prohibition, the circuit court has original jurisdiction to grant same and our jurisdiction is appellate only except to control circuit courts and inferior courts in very exceptional cases. Thompson v. Haden, 177 Ky. 841, 198 S. W. 231.

Again, the ''inferior jurisdictions'' referred to in section 110, *supra,* are inferior courts and not administrative boards (Holliday v. Fields, Governor, 207 Ky. 462, 269 S. W. 539; Equitable Life Assurance Society v. Hardin, 166 Ky. 51, 178 S. W. 1155; Morgan v. Clements, Commissioner, 153 Ky. 33, 154 S. W. 370); and the Workmen's Compensation Board is not a court but an administrative agency. Kentucky State Journal Company v.

Workmen's Compensation Board, 162 Ky. 387, 172 S. W. 674; Greene v. Caldwell, 170 Ky. 571, 186 S. W. 648; Ashland Iron & Mining Company v. McDaniel, 202 Ky. 19, 258 S. W. 943; Junior Oil Company v. Byrd, 204 Ky. 375, 264 S. W. 846..

Then again, the control sought here is not general but special, since the original petition merely seeks to control the manner in which the board shall determine a question of fact referred to it by this court for determination, while the amended petition seeks to prevent the board from exercising a power conferred upon it by law and reviewable by the courts.

It is clear, therefore, that this court is without jurisdiction to grant by writ of mandamus or otherwise the relief sought by the petition and amended petition herein.

The special demurrer is therefore sustained and the petition as amended is dismissed.