## Payne, et al. v. Kentucky Railroad Commission, et al.

(Decided October 22, 1926.)

### Petition for Writ of Mandamus.

1. Courts.—Constitution, section 110, conferring original jurisdiction on Court of Appeals to issue writs necessary to give it control of inferior jurisdictions, authorizes issuance of mandamus against inferior jurisdictions.
2. Courts.—Since Kentucky railroad commission is administrative board and not court of inferior jurisdiction, within Constitution, section 110, Court of Appeals is unauthorized to compel it to render opinion as to matter before it.

J. A. EDGE and GRANT E. LILLY for plaintiffs.

FRANK E. DAUGHERTY, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Dismissing the petition.

This action is an original proceeding filed in this court under the provisions of the last part of section 110 of our Constitution. The plaintiffs, or petitioners, are some four of five hundred citizens and natural gas consumers residing in Lexington, Kentucky, and, perhaps, in other towns and cities along the gas pipe line of some one or more of the individual corporate defendants, who are the Central Kentucky Natural Gas Company, the Lexington Gas Company, the Lexington Utilities Company, and the United Fuel Gas Company. The other defendants, or respondents, are the Kentucky Railroad Commission and its individual members, Oscar Vest, Moses R. Glenn and Isaac Wilder.

The plaintiffs and petitioners aver that they heretofore filed before the Railroad Commission their certain complaints against the individual corporate defendants and respondents, seeking an adjudication at the hands of the Railroad Commission on certain questions appertaining to the furnishing of natural gas to consumers and the

rates to be charged therefor; that the applications were heard and argued some time in August, 1926, before the respondent, the Railroad Commission, but that it so far had rendered no opinion or taken any action in the matters involved, and petitioners prayed that this court issue a mandatory writ requiring and directing it to render its decision in the various applications before it hereinbefore referred to.

The language of section 110 of the Constitution, conferring original jurisdiction on this court, says: "Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions," and no doubt, it is broad enough to authorize the issuing of the writ of mandamus against one of the class of respondents referred to and named in that language, which class is "inferior jurisdictions." Unless, therefore, the principal defendant and respondent in this proceeding (the Railroad Commission) comes within that class it is obvious that we have no jurisdiction to grant the relief herein sought. If the question was a new one in this jurisdiction we would have no trouble in concluding that the Kentucky Railroad Commission is nothing more than an administrative agency of the state, with the power and authority to perform certain ministerial functions, and the fact that the performance of some of them requires an inquiry into facts and a determination of those facts does not change it from an administrative agency into one possessing judicial functions so as to be classified under the head of "inferior jurisdictions" as used in the Constitution. In other words, by that term the makers of the Constitution evidently referred to and only meant to include inferior courts and not administrative bodies or agencies. As stated, it would be an easy task to demonstrate that fact if the question was one of first impression with this court. However, it was directly presented in the recent case of Maynard v. Workmen's Compensation Board, 210 Ky. 708, wherein the identical relief here sought was prayed for in the original petition filed in this court against the Workmen's Compensation Board. It was pointed out in that opinion, as was also done in many others preceding it, some of which are therein referred to, that even in cases coming strictly within the provisions of the language of the Constitution this court would not exercise its original jurisdiction

where there was another adequate and available remedy, and that the proper circuit court of the venue of the action could grant the same relief sought by the original petition filed here, and thereby afford the proper and adequate remedy. We also said in that opinion: "Again, the 'inferior jurisdictions' referred to in section 110 *supra,* are inferior courts and not administrative boards ('citing Kentucky cases) and the Workmen's Compensation Board is not a court but an administrative agency (citing other cases)." For those and other reasons stated in the opinion the final conclusion was reached that: "It is clear, therefore, that this court is without jurisdiction to grant by writ of mandamus or otherwise the relief sought by the petition and amended petition herein." The principle of law therein determined is conclusive of this case, since the duties of the Railroad Commission and those of the Workmen's Compensation Board are of the same nature, and if they constitute the latter only an administrative agency nothing more can be said as to the duties of the former.

It is quite clear, therefore, that we have no jurisdiction of this proceeding, and the special demurrer based upon that ground filed on behalf of the commission is sustained and the action is dismissed without prejudice, with a judgment against the petitioners for all the costs of the proceeding.