## Kingston-Pocahontas Coal Company, et al. v. Maynard.

(Decided March 23, 1928.)

### Appeal from Pike Circuit Court.

Master and Servant.—Although award of compensation was by the Court of Appeals remanded, with directions to determine extent to which employee's injury and his pre-existing disease contributed to his disability, and to apportion the award accordingly, the Workmen's Compensation Board was, under Ky. Stats., sec. 4902, authorized on application of the employer to reopen the case on the ground of fraud, and to enter order dismissing application on finding that disability was result of pre-existing disease and not of alleged accident.

PRICHARD, MALIN & SMITH for appellants.

W. G. W. RIDDLE for appellee.

Opinion of the Court by Drury, Commissioner—
Reversing.

This appeal is prosecuted from a judgment award-
ing a writ of mandamus against the Workmen's Compen-
sation Board. On September 22, 1923, W. S. Maynard
filed an application with the Workmen's Compensation
Board for compensation for alleged injury sustained in
the mine of the Kingston-Pocahontas Coal Company,
which we shall refer to as the coal company. A member
of the board on October 7, 1924, awarded him $15 per
week for 416 weeks, not to exceed in all $6,000, for total
permanent disability. The coal company sought a
review by the whole board, and the board upheld the
finding of the single member. A review was then sought
from the Pike circuit court, and that court affirmed the
award. The coal company appealed to this court, and
this court reversed the finding. See 209 Ky. 431, 273 S.
W. 34. In reversing the case we directed the board to
determine the extent to which appellee's injury and his
pre-existing disease contributed to his disability, and to
apportion the award accordingly. While this appeal
was pending the coal company on March 17, 1925, sought
to reopen the case before the board upon the ground of
fraud. The board took no action until after we decided
the case, whereupon it, on September 21, 1925, entered
an order redocketing the case and assigning it for hear-
ing "for the purpose of producing testimony that will
enable the board to determine the extent to which the in-
jured employee's injury and his pre-existing disease con-
tributed to his disability." When this order was en-
tered, Maynard filed a petition in the Pike circuit court
and one in this court, endeavoring in each case to obtain
a writ of mandamus requiring the Workmen's Compen-
sation Board to apportion the award on the original
record without hearing any additional proof. In the
case before it, this court held it was without jurisdiction
and dismissed Maynard's petition. See Maynard v.
Workmen's Compensation Board, 210 Ky. 708, 276 S. W.
812. Maynard did not press his action for mandamus
pending in the Pike circuit court, but allowed it to remain
in abeyance. In the meantime, the Workmen's Compen-
sation Board reopened the case and heard the evidence
offered by both Maynard and the coal company, and,
after a consideration of it, on February 1, 1927, entered

an order dismissing Maynard's application, in which order it is recited:

> "*Taking into consideration the additional evidence introduced by both parties, it is not necessary for the board to make a lengthy recital of the record, as it is overwhelmingly against the plaintiff and very strongly convincing that all of plaintiff's disability is the result of a pre-existing disease and not the result of the alleged accident.*"

Of this order of the board dismissing his application, Maynard, on February 7, 1927, sought a review by the Pike circuit court. His action for review in the Pike circuit court was consolidated with his action pending there for a writ of mandamus, and after the consolidation the Pike circuit court adjudged that the board was without authority to hear additional proof, and that the board should have apportioned the award between the pre-existing disease and the injury on the evidence before it at the time of the former trial of the case, and, accordingly, the Pike circuit court sustained Maynard's application for a writ of mandamus, and referred the case to the board with directions *to apportion the award from the evidence that it had before it on the original trial,* and from that action of the Pike circuit court the Kingston-Pocahontas Coal Company and the Workmen's Compensation Board have prosecuted this appeal. The action of the Pike circuit court was erroneous. The action of the Workmen's Compensation Board in reopening this case for fraud and in hearing and considering additional evidence offered by the parties is approved. See Kentucky Statutes, sec. 4902.

The judgment is reversed.

The whole court sitting.