## Old Blue Ribbon Distillers, Inc., v. Caldwell, Circuit Judge, et al.

(Decided March 25, 1938.)

SMITH & SCHÜBERTH and HENRY J. COOK for petitioners.

L. J. CRAWFORD for respondents.

OPINION BY JUDGE THOMAS—Sustaining demurrers and dismissing petition.

This is an original action filed in this court by petitioner against respondents, Hon. A. M. Caldwell, judge of the Campbell circuit court, and the sheriff of that county, Louis Sickmeier, seeking prohibition writs and mandatory orders from this court against them to prevent their proceeding further "in the case of the lessors, Ida and Edward Hieber, against Old Blue Ribbon Distillers, and that it issue its orders to the sheriff, Louis C. Sickmeier, to deliver up to your petitioner all of the assets levied on and in his possession" etc. The facts as disclosed by the petition are: That Edward

Hieber and wife, Ida Hieber, jointly owned business real estate located at No. 33 East Tenth street in Newport, Ky., and they gave a lease of the property to petitioner beginning on October 25, 1937, and continuing for one year thereafter with a reserve rental of $75 per month, payable monthly. On the beginning date petitioner paid one month's rent, but failed to make any subsequent monthly installments. On January 11, 1938, lessors filed the affidavit of the husband, Edward B. Hieber, with Odis W. Bertlesman, the county judge of Campbell county, in strict conformity with section 2302 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, which is a part of article II of chapter 75 of the statutes relating to the collection of rent, including the enactment of provided remedies therefor.

The next preceding section (2301) prescribes how a distress warrant for the collection of past-due rent may be obtained; whilst the other one (2302) provides for the procuring of an attachment against the lessee's property to recover both past-due and future accruing rents, provided the future accruing rentals will mature and become due within one year therefrom. The section prescribes that the affidavit therein required may be filed "before a justice of the peace, police judge, or a judge of the quarterly court of the county in which the tenement lies, stating that there are reasonable grounds for belief, and that he believes unless an attachment be issued, he will lose his rent; whereupon, such officer shall issue an attachment for the rent against the personal property of the person liable for the same to any county the person suing out the same may desire. But no such attachment shall issue until the plaintiff has given bond, with good surety, to indemnify the defendant, if it appear that the attachment has been wrongfully obtained."

The next section (2303) prescribes that the attachment so obtained, if to collect a sum of $50, or less, shall be returnable before the officer who issued it; but if the amount sought to be recovered exceeds $50, and is no more than $200, then the attachment may be returned to the judge of the quarterly court, or the judge of the circuit court of the county in which the tenement lies. If, however, the amount sought to be recovered exceeds $200, then the attachment shall be returned to the circuit court of the county. The section then prescribes that "in either case the proceedings thereon

shall be the same as on other attachments according to the Civil Code'' with the right of the defendant in the attachment to make all defenses, both as to the grounds of attachment, as well as to the merits of the cause, that he may choose.

The affidavit filed by Edward B. Hieber in this case followed literally the grounds therefor as set out in section 2302, and sought recovery for, not only past-due monthly rentals, but of rentals to become due throughout the year covered by the lease, amounting in the aggregate to $825. The county judge before whom the affidavit was filed issued the attachment upon the execution of the attachment bond therein provided for, and the sheriff executed it by delivering to the defendant therein a copy· thereof, and levying it on defendant's stock of liquors in which it was dealing; all of which was done on the day the attachment was issued with the return to that effect indorsed thereon by the sheriff, and he then returned it to the Campbell circuit court.

On the 13th day of January, following the sheriff's return of the executed order of attachment, the defendant therein (and petitioner in this instant action) appeared in the ·Campbell circuit court and filed a written motion to discharge the attachment upon three grounds: (a) That the Campbell circuit court was without jurisdiction ''to determine the alleged issues created by said order of attachment, and the court issuing the same was without jurisdiction to issue it''; (b) that the attachment ''was not issued and served as provided by law,'' and (c) ''that the entire proceeding in procuring said attachment and the affidavit procuring the said writ of attachment and notice and order are not sufficient in law to sustain an attachment.'' Pending that motion counsel for the lessors discovered that the order of attachment issued by the judge of the Campbell quarterly court was, perhaps, fatally deficient because it did not run in the name of the commonwealth, nor was it directed to any officer for execution. He thereupon procured—upon the same affidavit—another order of attachment from the judge of the quarterly court and the sheriff of the county executed it in like manner as he had done the first one, followed by his filing it as so executed in the Campbell circuit court.

In the meantime, and on the 22d day of January, the defendant in the attachment (lessee and petitioner

here) filed a writing in the Campbell circuit court styled a "counter affidavit," but its contents were in the nature of a pleading denying the grounds of attachment and making defense to the merits of the claim. On the 7th of February, following, the court sustained the motion to discharge the levy of the first attachment, but stated in the order that "It appears from the file that on February 2nd, 1938, an alias attachment was issued and was levied on the same property which had been taken into custody under the former attachment. For this reason the restoration of this property to the attachment defendant will not be ordered, but the Sheriff will hold the same under the alias attachment and subject to further orders of the Court." On the 14th day of February, one week thereafter, petitioner, as lessor and defendant in such attachment proceedings, filed written objections and exceptions to the court's order of February 7th, upon the ground that it was "redundant and as not in accord with the decisions of the Court of Appeals of Kentucky in like cases; * * It being the defendant's contention that the order should recite that the motion to discharge the attachment is sustained, and it is so ordered, without holding the bond to be good," etc.

On the same day a motion was made "to dismiss plaintiffs' attachment proceeding" upon seven specifically stated grounds—three of which were the same as were incorporated in the motion to dismiss the first attachment—with four additional ones of equal absence of merit; but all of which were rooted in the primary contention that neither the Campbell quarterly court, nor the Campbell circuit court, had jurisdiction in the premises. That motion was never acted on, and on March 9, 1938, petitioner (defendant and lessee in such circuit court proceeding) moved that court for an order directing the sheriff to return to it the attached property and to release the attachment, which motion was likewise not acted on at the time this action was filed in this court on March 19, 1938, seeking prohibitory and preventive orders hereinbefore pointed out.

The petition sets out the proceedings in the Campbell circuit court and in the Campbell quarterly court substantially as we have done supra, in its paragraphs from 1 to 13, both inclusive, in which it is alleged that petitioner has been deprived of the use and benefit of exercising his privilege as a licensee to sell liquor, and

that it has suffered and continued to suffer irreparable damage to its business, and that it is "without adequate remedy at law" to undo or prevent what the Campbell circuit court has already done, or what it may do in the future, if the prosecution of the attachment proceeding is not stopped and the attached goods not returned to it.

It will thus be perceived that this original proceeding in this court is rather unique. But little attention seems to have been paid to the numerous decisions we have rendered construing section 110 of our Constitution, which is the only one in that instrument conferring any sort of original jurisdiction on this court. Those opinions are unanimous to the effect that such original jurisdiction will not be entertained, except in the two instances: (1) Where the court sought to be prohibited is proceeding entirely without jurisdiction, and petitioner in this court will thereby sustain great and irreparable injury for which there is no adequate remedy at law, and (2) where the court may be proceeding within its jurisdiction but exercising it erroneously to the great detriment of the petitioner and wherein he has no adequate remedy at law. Some of the more recent cases so construing the section of our Constitution are: Central of Georgia Ry. Co. v. Gordon, Judge, 180 Ky. 739, 203 S. W. 725; Lisanby v. Bush, Judge, 186 Ky. 448, 217 S. W. 354; Fleece v. Shackelford, Judge, 204 Ky. 841, 265 S. W. 460; Natural Gas Products Co. v. Thurman, Judge, 205 Ky. 100, 265 S. W. 475; Tompkins v. Manning, 205 Ky. 327, 265 S. W. 830; Duffin v. Field, Judge, 208 Ky. 543, 271 S. W. 596; Rush v. Childers, Judge, 209 Ky. 119, 272 S. W. 404; Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395; Scholl v. Allen, 237 Ky. 716, 36 S. W. (2d) 353; Osborn v. Wolfford, Judge, 239 Ky. 470, 39 S. W. (2d) 672; Goodenough v. Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451; Henneberger Co.'s Assignee v. Price, Judge, 252 Ky. 402, 67 S. W. (2d) 471; Union Trading Co. v. Hubbard, Judge, 252 Ky. 518, 67 S. W. (2d) 693; Stucker v. Jones, 261 Ky. 82, 87 S. W. (2d) 110, and many others referred to in those opinions. They all relate exclusively to our original jurisdiction under the section of the Constitution referred to in the control of circuit courts alone—there being slightly different provisions as to our control of courts inferior to circuit courts—but which difference is not necessary to be here mentioned,

since the relief here sought is against a circuit court judge.

Under the interpretation of our authority as made in those cases the prayer of the petition might, perhaps, be granted, but for these two reasons: (a) That the respondent Caldwell, as judge of the Campbell circuit court, has ample, complete, and full jurisdiction to determine all the questions arising in the attachment proceedings before him, which, as far as he has gone (as appears from this record), he has not departed from the rules of correct procedure. On the contrary he has proceeded correctly up to the stage of the proceeding when this original action was filed in this court; and (b) that, if it were otherwise, and respondent, as judge of the Campbell circuit court, was attempting to and had acted up to date out of his jurisdiction, or was acting within his jurisdiction, but erroneously, then petitioner has an adequate remedy at law to obtain relief from such invalid or erroneous action, by an appeal to this court from any final judgment that respondent might eventually render. According to the unanimous declarations made in the cases supra, this remedy is not available to petitioner in the circumstances, for the manifest reason that the Campbell circuit court is proceeding completely within its jurisdiction. But, if otherwise, then an appeal is open to it to correct any errors committed by respondent, and the attachment bond protects it against possible insolvency of the lessors, who might be termed plaintiffs in the attachment proceeding in the Campbell circuit court.

Counsel for petitioner seem to be confused in their argument contained in brief filed in this court wherein they contend that the attachment, of which complaint is made, was not obtained in the manner and according to the proceedings set out in chapter 3 of the Civil Code of Practice, composing sections 194 to and including 201; and also because there was no formal petition filed before the judge of the Campbell quarterly court as is required in ordinary civil actions. In making those arguments counsel plainly overlooked the fact that the section supra of our statute (2302) creates a special and specific remedy in favor of landlords which was invoked by the lessors in the Campbell circuit court, and in which no petition is required to be filed, nor are the grounds set out in the Civil Code sections referred to required to be made in order to obtain the attachment.

384

for the enforcement of a rent claim. We have seen that the statutory provision has been strictly followed, and there is no requirement that the Code provisions referred to should also be followed.

What we have thus far said renders it glaringly apparent that it is unnecessary to further pursue the discussion of the questions involved—being those relied on as grounds for the relief herein sought—and it would also seem equally apparent that the slightest study by counsel of our former opinions, construing our jurisdiction in such instances, would have revealed the fact that we have no jurisdiction to entertain this original proceeding against respondent Caldwell, as judge of the Campbell circuit court.

The same reasons apply to the other named respondent, Louis C. Sickmeier, the sheriff of Campbell county. But in addition thereto we would have jurisdiction in no event to grant the preventive process prayed for as against him, since he has not and does not act judicially, but only in the performance of administrative duties—the preventive writs which we are authorized to issue relating only to the actions of judicial or quasi-judicial officers.

Wherefore, the special demurrer filed to the petition by the sheriff is sustained, and the general demurrer filed to it by the respondent Caldwell, judge, is likewise sustained, and the petition is dismissed, with a judgment against petitioner for the costs of this proceeding; the whole court sitting.