## Lincoln Building & Loan Ass'n et al. v. Humphrey, Judge.

(Decided June 24, 1938.)

360

L. F. SPECKMAN for petitioners.

HARDIN H. HERR and J. J. SAVAGE for respondents.

OPINION BY JUDGE THOMAS—Dismissing petition.

This is an original action filed in this court invoking its original jurisdiction conferred by section 110 of our Constitution, and praying that respondent, Hon. Churchill Humphrey, Judge of the Jefferson Circuit Court, Chancery Branch, First Division, be prohibited from enforcing a sentence of contempt entered by him against petitioners, Louisville Building and Loan Association and L. F. Speckman, one of its chief officers and who is also its attorney, whereby they were fined $30 each and Speckman ordered to serve a sentence in jail until the contempt was purged. The corporate petitioner will hereafter be referred to as the "Association." Prior to the contempt order it had filed in the Jefferson Circuit Court an action against one Ben Kalmey to recover a judgment against him and to enforce a mortgage lien given by him to the Association to secure the indebtedness sued on. Judgment was ren-

dered and an order of sale made of the mortgaged property which was executed by the master commissioner of the court as directed in the judgment of sale. One Ida D'Angelo became the purchaser of the property. No exceptions were filed to the commissioner's report of sale and it was confirmed. She paid or agreed to pay the purchase price direct to the Association, less the cost of the action. About ten months after the confirmation of the sale she discovered past due and unpaid taxes, which were a lien upon the land, in the amount of $99.92, which she was compelled to and did pay. The judgment of sale expressly contained these provisions:

"It is further ordered and adjudged that the Commissioner is directed to sell said property free and clear of all encumbrances except taxes for the year 1937. This cause is retained on the docket for all such further orders and judgments in this action as may be necessary and proper from time to time."

In the case—it still being on the docket pursuant to the above inserted order of the court, and the judgment prescribing that Mrs. D'Angelo as the purchaser of the property would obtain a title free of encumbrances except the taxes for 1937—she manifested the fact of her having to pay the taxes supra to the court and asked for and obtained a rule against the Association to require it to refund to her the amount of the taxes that she was compelled to pay. It refused to comply and responded, but did not deny therein the facts upon which the purchaser sought the rule—its defenses being only that the court was without jurisdiction to enforce its order requiring the purchaser to obtain title free from liens, and that the movant for the rule purchased the property caveat emptor. Those defenses were overruled by respondent, resulting in a final order adjudging the association, and its co-respondent, guilty of contempt, and assessed the punishment hereinbefore stated.

Before that order was attempted to be executed petitioners filed this original action in this court to prohibit respondent from proceeding further—basing their right to that relief upon the same grounds that it interposed before respondent as a reason for not issuing the rule requested by the purchaser of the property. The alleged loss of jurisdiction of petitioner is really the

only one that enters into the merits of this original procedure in this court, since the other defense of a caveat emptor purchase is one involving the merits of the motion, if petitioner had jurisdiction. However, we are clearly of the opinion that neither ground urged for the granting of the prohibitory process from this court is sufficient to authorize it.

No such original jurisdiction will be exercised by this court, except where the respondent is either proceeding (a) without jurisdiction; or (b) is proceeding within his jurisdiction but erroneously; (c) petitioner has no other adequate remedy at law; and (d) great and irreparable injury will be sustained by him, unless this court should interfere in his behalf. Natural Gas Products Company v. Thurman, 205 Ky. 100, 265 S. W. 475. Duffin v. Field, Judge, 208 Ky. 543, 271 S. W. 596; Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395; Old Blue Ribbon Distillers, Inc. v. Caldwell, Circuit Judge, 273 Ky. 378, 116 S. W. (2d) 653, and Security Trust Company, Ex'r, v. Swope, Judge, 274 Ky. 99, — S. W. —. In the absence, therefore, of either of the requisites (a), (b), (c) and (d) supra, we are without jurisdiction to entertain the application. The primary requisite is that the court sought to be prohibited in attempting to act outside of his jurisdiction; but if the action sought to be prohibited is one that he has jurisdiction to make, then any erroneous ruling that might be made in the exercise of that jurisdiction will not furnish grounds for the interference of this court under its original jurisdiction, unless there is no remedy provided by the law to correct the error *and* great and irreparable injury will result to petitioner.

The judgment of sale in the Kalmey case ordered and directed the net proceeds of the sale to be paid to the Association—the plaintiff in that action—and the net proceeds to which it was adjudged to be entitled was the amount of the sale less costs and the cost of extinguishing any liens on the property ordered to be sold, except the taxes for the year 1937. Such was the character of title directed to be sold by the court and which had the effect, inter alia, of relieving the purchaser from the consequences of the doctrine of caveat emptor so far as prior encumbrances were concerned. Therefore the question of the right of Mrs. D'Angelo as purchaser of the property to recoup from someone

the undisclosed encumbrance of the amount of the taxes that she was compelled to pay cannot be disputed, nor is it attempted by petitioners in this case. They strenuously insist, however, that respondent lost jurisdiction of the cause sixty days after the order of confirmation of the sale. But that argument ignores two facts— either of which destroys it. They are: (1) That the court expressly retained the case on the docket "for all such further orders and judgments in this action as may be necessary and proper from time to time,"— and which, of course, was to stand until all matters relating to the case were finally disposed of—and (2) that the rule with reference to the loss of jurisdiction after the expiration of the term has application only to bar the right of the court after the expiration of the term to alter, modify or change the judgment in any of its substantial parts, and has no application to only the *enforcement* of the judgment as originally rendered.

Equity tribunals have the undoubted right to enforce their judgments so long as they remain unenforced, and it may be made or done—in certain instances of which this is one—by attachment or contempt proceedings. Subsection 2 of section 1663 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and the cases of Napier v. Napier, 198 Ky. 233, 248 S. W. 529; Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791; Franzell's Ex'r v. Franzell, 153 Ky. 171, 154 S. W. 912; Rebhan v. Fuhrman, 139 Ky. 418, 50 S. W. 976, 21 Ky. Law Rep. 17. Moreover, section 989, of the same statutes says: "The court [of continuous sessions] may, in actions for sale of real property, determine summarily, with or without written pleadings, the amount of any state, district or municipal taxes or assessment upon the property to be sold, and shall provide for the payment of the same in the judgment; and if the plaintiff fail to ask therefor, the purchaser shall be entitled, at any time before the payment of the purchase price, to a credit for the amount thereof."

The plaintiff Association in the case against Kalmey failed to ask for the payment of the involved taxes herein, and the quoted section of the statutes gave to the purchaser of the property the right to the relief given therein, although the purchase money had, perhaps, been paid in this case, since the property was

sold under a guarantee of an unencumbered title, and which provision was incorporated in the judgment ordering the sale and to which plaintiff entered no objections. In the circumstances the case is radically different from one wherein no such provision appears in the judgment.

But were it otherwise, then the case resolves itself into one where an erroneous amount has been ordered and directed to be paid to a claimant in the proceeds of sale and the relief sought by the purchaser is comparable to a case where an heir has by oversight or mistake been paid an excessive amount, wherein it is common practice to redocket the case in such instances and to require a refunding of the excess payment to be distributed to others entitled to it. Such an order, we repeat, makes no change whatever in the original judgment, but looks only to its enforcement as rendered.

Wherefore, for the reasons stated, the demurrer of respondent to the petition is sustained, and, since the action was submitted for final determination upon the demurrer, the petition is dismissed.

The whole court sitting.