## Sandusky v. Alsmiller, Clerk, et al.

Oct. 20, 1942.

Harry L. Hargadon for petitioner.

Lawrence S. Grauman for respondents.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing Petition.

This case involves a question as to the duty of a circuit court clerk to issue an order of attachment in a divorce proceeding.

Section 196 of the Civil Code of Practice sets forth that an order of attachment shall be made by the clerk of the circuit court in which an action is brought or pending in any case mentioned in Section 194, subsections 1 and 2, if an affidavit of the plaintiff be filed showing certain specified conditions.

It is charged in this case that the respondent, John H. Alsmiller, Clerk of the Jefferson Circuit Court, refused to issue the attachment asked for upon the ground that he had been instructed by the other respondents, Churchill Humphrey, Judge of the Jefferson Circuit Court, Chancery Branch, First Division, and Gilbert Burnett, Judge of the Jefferson Circuit Court, Chancery Branch, Second Division, not to do so without first having received instructions from them to issue such attachments. While the prayer of the petition asks that all three of the respondents be directed to issue the attachment, the real question in the case concerns itself with the duty and discretion, if any, of the circuit clerk to issue an attachment in accordance with the aforementioned sections of the Civil Code when a proper showing is made therefor.

The last sentence of Section 110 of the Constitution provides that this Court shall have power to issue such writs as may be necessary to give it control of inferior jurisdictions. It has long been held that such writs will be issued only where there is no other adequate remedy, and only to control judicial tribunals. Reference to the cases of Maynard v. Workmen's Compensation Board, 210 Ky. 708, 276 S. W. 812, and Payne v. Kentucky R. Commission, 216 Ky. 188, 287 S. W. 560, will show that this Court has refused to class even administrative boards and agencies as inferior jurisdictions. In the

recent case of Old Blue Ribbon Distillers v. Caldwell, 273 Ky. 378, 116 S. W. (2d) 653, it was pointed out that this Court had no jurisdiction to control the acts of a sheriff, since his duties are only ministerial and not judicial or quasi-judicial in nature. It is insisted by the petitioner that some of the duties of a circuit clerk are quasi-judicial in nature. With this contention we can not agree. While a circuit clerk may issue an attachment and grant a temporary restraining order, an examination of the provisions of the Code relating to those duties will show that there are express provisions as to the conditions and circumstances upon which such acts are based. There would be more ground for contending that the commissioner of a circuit court performs quasi-judicial functions than there would be for a clerk of such a court, but it was expressly held in the cases of Morgan v. Clements, 153 Ky. 33, 154 S. W. 370, and Equitable Life Assur. Society v. Hardin, 166 Ky. 51, 178 S. W. 1155, that such commissioners are ministerial officers. Since the respondent, John H. Alsmiller, is only a ministerial officer, the petitioner's application for a writ of mandamus, in so far as he is concerned, should be addressed to the circuit court. An appeal may be had to this Court from the ruling of that court.

Wherefore, the petition is dismissed. Whole Court sitting.