## FOSTER v. CLERK OF LYON CIRCUIT COURT.

Court of Appeals of Kentucky.

Feb. 6, 1953.

Robert Foster, pro se.

STANLEY, Commissioner.

Robert D. Foster has personally filed in this court a petition against "Clerk of Lyon Circuit Court" alleging his illegal confinement in the Eddyville penitentiary. The petitioner alleges his wrongful imprisonment upon several grounds and prays this court to grant a writ of habeas corpus, directing W. Jess Buchannan, warden of the penitentiary (not a party), to bring his person before the Lyon Circuit Court, and order the respondent (Clerk of the Lyon Circuit Court) to show cause "why the petitioner is being illegally and unlawfully detained and deprived of his liberty without due process of law." In another paper styled, "Verified motion and affidavit in forma pauperis in support of petition for writ of mandamus" the petitioner restates the grounds of his illegal confinement and charges that the Lyon Circuit Court has refused to grant him a hearing on his application for a writ of habeas corpus and prays this court to grant a mandamus against the clerk of the circuit court, directing him to present his application to the court and for an order directing Judge Ira Smith, Judge of the circuit court (not a party), to grant the petitioner a speedy hearing on his application. The Attorney General moves to dismiss the proceeding.

The many defects are obvious. We mention some of them.

No person is named respondent. It is not sufficient to designate a party merely as the holder of a certain office. See Kountz v. Brown, 55 Ky. 577, 16 B.Mon. 577.

The original jurisdiction of this court, Sec. 110, Constitution, does not extend to issuing a mandamus against a circuit clerk even if named, for he is but a ministerial officer. Sandusky v. Alsmiller, 291 Ky. 666, 165 S.W.2d 342.

The Court of Appeals cannot consider an original petition for writ of habeas corpus. Burch v. Whaley, 311 Ky. 53, 223 S.W.2d 355.

The petition is dismissed.