**Henry Earl PRUITT et al., Petitioners,**

v.

**B. G. DAVIDSON, County Attorney, et al., Respondents.**

Court of Appeals of Kentucky.

April 22, 1960.

George B. Boston, E. R. Gregory, Bowling Green, for appellant.

B. G. Davidson, County Atty., Bowling Green, for appellee.

MONTGOMERY, Chief Justice.

Henry Earl Pruitt and Sylvester Chandler seek by this original action to compel B. G. Davidson, Warren County Attorney, and Joe Allen, a state trooper, to present certain criminal charges for an examining trial before one of two magistrates in Warren County. The petitioners were arrested by the trooper on warrants charging them with having in possession illegally alcoholic beverages in local option territory and with setting up and operating a game of chance. They are now on bail.

The Warren County Judge disqualified himself from presiding at the examining trial. The arresting officer announced that the cases would be referred to W. P. Anderson, a Warren County magistrate, who failed to appear or act. The petitioners then requested the arresting officer and county attorney to présent the charges to either of two other named magistrates, which they declined to do. By this proceeding the petitioners seek to force the respondents to take such action. The respondents have moved to dismiss the proceeding.

The right of this Court to control inferior jurisdictions is based on Section 110 of the Kentucky Constitution. It applies only to the control of judicial tribunals. Maynard v. Workmen's Compensation Board, 210 Ky. 708, 276 S.W. 812; Payne v. Kentucky R. Commission, 216 Ky. 188, 287 S.W. 560. This control does not extend to nonjudicial officers of such tribunals. Sandusky v. Alsmiller, 291 Ky. 666, 165 S.W.2d 342; Foster v. Clerk of Lyon Circuit Court, Ky., 254 S.W.2d 942. The respondents, a county attorney and state trooper, in the presentation of charges against petitioners, are not acting in a judicial capacity and are not subject to the control of this Court under Kentucky Constitution Section 110. Morgan v. Clements, 153 Ky. 33, 154 S.W. 370; Old Blue Ribbon Distillers v. Caldwell, 273 Ky. 378, 116 S.W.2d 653.

There is an additional reason why petitioners are not entitled to the relief sought by the proceeding in this Court. Petitioners allege that irreparable injury will be suffered, in that 5,800 cases of beer of the approximate value of $1,500 will be rendered worthless, unless the matters are presented and determined expeditiously. The beer appears to have been the property of an American Legion Post, which is not a party to this action. The petitioners do not allege any ownership or title in themselves to the beer. Thus, it cannot be said that petitioners without ownership or title

can be irreparably injured by the loss of the beer. The question whether the beer held is contraband is not presented. KRS 244.160, 244.180, and 244.200.

The Warren Circuit Court dismissed a proceeding between the same parties in which the same relief was sought. No appeal was taken from that judgment so far as this record shows. In the absence of irreparable injury, petitioners had an adequate remedy by appeal from that judgment. Cases in which this principle is discussed are cited in Ison v. Bradley, Ky., 333 S.W.2d 784.

Relief is denied.