COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General, Petitioner,

v.

William J. WISE, Commonwealth's Attorney, 17th Judicial District, Respondent.

Court of Appeals of Kentucky.

Nov. 17, 1961.

See also Ky., 351 S.W.2d 493.

John B. Breckinridge, Atty. Gen., for petitioner.

William J. Wise, Newport, for respondent.

BIRD, Chief Justice.

The Commonwealth has asked this Court to exercise its original jurisdiction and prohibit William J. Wise, Commonwealth's Attorney of the Seventeenth Judicial District, from performing certain duties relating to the Campbell County Grand Jury. It is charged that the Commonwealth's Attorney, along with divers others, is a subject of the jury's investigation and that he should therefore be prohibited from serving with that body during its investigation of matters involving him.

We had a similar factual situation in Northcutt v. Howard, 279 Ky. 219, 130 S.W. 2d 70, 71, in which the Kenton County Circuit Court was asked to grant relief similar to that sought here. The case came to this Court on appeal and we wrote as follows:

> "It is argued for appellant that the commonwealth attorney is absent in legal effect when he is either disqualified or, for some reason, disabled from performing the functions of his office, and that when his own actions are being investigated by the grand jury he is thereby disqualified from assisting the grand jury in any investigations pending before it. This argument is unquestionably sound. * * * This being true, it follows as a matter of course that when the grand jury is actually investigating such a charge against the commonwealth attorney, he is thereby automatically disqualified from assisting the grand jury in such investigation.

"It must not be overlooked, however, that the current grand jury has made no report to the court that it is actually investigating misfeasance, malfeasance or corruption in office on the part of the commonwealth attorney. * * * Such right of appointment is necessarily limited to the situation where the grand jury actually reports to the court that it is investigating the commonwealth attorney, thereby evidencing his disqualification to act in advising the grand jury. * * *

"The office of commonwealth attorney is a constitutional office and such officer may not be deprived of the right to perform the duties of that office except in a manner clearly authorized by law, nor may a substitute be appointed in his place except by virtue of section 120, Kentucky Statutes. [KRS 69.060.] That section authorizes the appointment of a substitute only when the commonwealth attorney is absent. In legal effect, the commonwealth attorney is absent when he himself is the subject of investigation by the grand jury, or is on trial. Unless he is physically absent from court or absent in legal effect by virtue of proceedings pending against him, no right or authority exists in the circuit court or any other official to appoint a substitute for him."

█ Northcutt v. Howard clearly defines the remedy in circuit court where the Commonwealth's Attorney is being investigated by the grand jury as is alleged to be true in this action. This remedy is adequate and prohibition should here be denied for this reason. This Court does not entertain jurisdiction of original actions of this character unless there is no other adequate remedy. Henry v. Harris, 221 Ky. 238, 298 S.W. 690.

However, there are other reasons for denying the writ of prohibition. In Brents v. Burnett, 295 Ky. 337, 174 S.W.2d 521, 522, we said:

"This original action was filed in this court against Judge Gilbert Burnett and the Louisville Bar Association, seeking a writ of prohibition to prohibit Judge Burnett from proceeding with a trial of the rules and the Louisville Bar Association from further prosecuting them. The respondents have filed a general demurrer to the petition.

"Writs of prohibition issue from this court pursuant to the power granted by section 110 of the State Constitution to control the action of inferior courts but will not issue except against an inferior court. Manifestly, therefore, no cause of action is stated against the Louisville Bar Association."

In Pruitt v. Davidson, Ky., 334 S.W.2d 899, we said as follows:

"The right of this Court to control inferior jurisdictions is based on Section 110 of the Kentucky Constitution. It applies only to the control of judicial tribunals. Maynard v. Workmen's Compensation Board, 210 Ky. 708, 276 S.W. 812; Payne v. Kentucky R. Commission, 216 Ky. 188, 287 S.W. 560. This control does not extend to nonjudicial officers of such tribunals. Sandusky v. Alsmiller, 291 Ky. 666, 165 S.W.2d 342; Foster v. Clerk of Lyon Circuit Court, Ky., 254 S.W.2d 942. The respondents, a county attorney and state trooper, in the presentation of charges against petitioners, are not acting in a judicial capacity and are not subject to the control of this Court under Kentucky Constitution Section 110. Morgan v. Clements, 153 Ky. 33, 154 S.W. 370; Old Blue Ribbon Distillers v. Caldwell, 273 Ky. 378, 116 S.W.2d 653."

In Holliday v. Fields, 207 Ky. 462, 269 S.W. 539, this Court held in substance that only judicial acts could be controlled under the authority of Section 110 of the Constitution of Kentucky.

In the early case of Patton v. Stephens, 77 Ky. (14 Bush) 324, we held that a writ of prohibition could be directed only to judicial tribunals.

 Our review of these and other authorities forces us to the conclusion that prohibition under Section 110 may be directed only to judicial officers who are about to wrongfully perform judicial acts.

The Commonwealth's Attorney is not a judicial officer about to wrongfully perform a judicial act.

Prohibition is therefore denied.

It will be noted that this action was handled temporarily by order on the 9th day of August 1961, and that the issue in this case is now moot. The Court, however, has directed that its predicate be shown by an opinion.