**COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General Petitioner,**

**v.**

**William J. WISE, Commonwealth's Attorney, 17th Judicial District et al., Respondents.**

Court of Appeals of Kentucky.

Nov. 22, 1961.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., for petitioner.

William J. Wise, Commonwealth's Atty., Newport, for respondents.

BIRD, Chief Justice.

This is an original action in this Court. The Commonwealth seeks to prohibit Ray L. Murphy, Regular Judge of the Campbell Circuit Court and Louis Reuscher, Special Judge of that court, from officiating in the trial of certain penal actions pending on the docket of that court.

The Commonwealth likewise seeks to prohibit William J. Wise, Commonwealth's Attorney, from performing any of his official duties connected with or related to those actions.

The regular judge and the special judge having filed no response to the charges contained in the complaint, it is the judgment of this Court that they and each of them be prohibited from sitting in the trials

of those cases or in any hearing thereunto pertaining.

■ The Commonwealth's Attorney has responded and moved this Court to dismiss the action as to him upon the grounds that he is not a judicial officer and that a writ of prohibition cannot therefore be directed to him from this Court.

Under the authority of Commonwealth v. Wise, Ky., 351 S.W.2d 491, rendered November 17, 1961, being appeal No. V–66–61, we must sustain the motion of Mr. Wise to dismiss as to him. See also Moreland v. Helm, Ky., 350 S.W.2d 149, rendered October 6, 1961. Prohibition is granted as to the regular judge and special judge as heretofore stated. Prohibition is denied as to the Commonwealth's Attorney and the petition as to him is hereby dismissed.

It will be noted that this action was handled temporarily by order on November 1, 1961.

MILLIKEN, Judge (concurring).

Upon the record presented in this case we concur in the result. However, we do not consider the authorities cited in Commonwealth v. Wise, Ky., 351 S.W.2d 491, rendered November 17, 1961, and relied upon here, to be limitations upon the supervisory powers of this Court. Rather, we view those precedents as more in the nature of self-restraints by this Court in exercising its supervisory powers—as efforts to respect and maintain the effectual functioning of local self-government with as little state interference as possible.

However, we believe it well to point out that this Court, like the highest court in any common law jurisdiction, has such supervisory powers, derived from the common law of England, as it may find essential for it to assure the effective administration of justice within this jurisdiction. 14 Am.Jur., Courts, Sections 264–274. The common law history of this development in England and the United States was traced by the Su-

preme Court in 1838 in Kendall v. United States, 12 Pet. 524, 9 L.Ed. at 1181. Section 110 of our Constitution is an express recognition of these supervisory powers and not a limitation of them.

PALMORE and STEWART, JJ., join in this view.