**CITY OF DANVILLE, Kentucky, a Municipay Corporation, Petitioner,**

v.

**Hon. Gilbert M. WILSON, Judge, Boyle Circuit Court et al., Respondents.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

James G. Begley, Danville, for petitioner.

Gilbert M. Wilson, Lancaster, pro se.

James F. Clay, Sr., Danville, for respondents Benedict et al.

DAVIS, Commissioner.

The City of Danville, a third class municipal corporation, invokes the original jurisdiction of this Court seeking an order prohibiting Hon. Gilbert M. Wilson, Judge of the Boyle Circuit Court, from further proceedings in a remonstrance suit against proposed annexation by the City. The four plaintiffs in the remonstrance suit are named as respondents also.

The factual background of the controversy reflects that Danville's Board of Council enacted an ordinance November 16, 1964, proposing the annexation of certain territory adjacent to the City. On December 12, 1964, four freeholders of the area sought to be annexed filed a civil action in the Boyle Circuit Court opposing the annexation. The defendants named in that remonstrance suit were the twelve members of the Board of Common Council of Danville. The corporate entity, City of Danville, was not named as a party defendant. Service of summons was had on each of the twelve named members of the Council; no process was then issued or served upon the mayor of Danville, nor was there any allegation that the mayor was absent from the City.

On December 23, 1964, the twelve named defendants filed motion in the Boyle Circuit Court seeking dismissal of the complaint on the grounds that it failed to state facts warranting relief, and for failure to join an indispensable party, the City of Danville.

On December 24, 1964, the plaintiffs filed an amended complaint naming the City of Danville as a party defendant and caused summons to be issued and served upon the City's mayor. The City sought dismissal of the action as to it as being untimely filed; the City also sought summary judgment, but the respondent trial judge denied the relief asserted by the City, and ordered the case to proceed to trial. Conceiving that the trial court was proceeding beyond its jurisdiction, the petitioner prosecuted this original action here for prohibition. Ky. Constitution, Section 110; RCA 1,420.

The pertinent annexation statutes are KRS 81.100; 81.110, and 81.190. The latter section makes applicable to third class cities, with certain exceptions, the annexation procedures prescribed for first class cities by KRS 81.100 and 81.110.

KRS 81.110(1) provides that a remonstrance suit must be brought "[w]ithin thirty days after the enactment of an ordinance proposing to annex unincorporated territory." The same section directs that process in such a remonstrance suit shall be executed upon the chief executive of the

city, "* * * and the answer of the city shall be filed within twenty days after service of the summons." We think there can be no serious question that the city—in its corporate being—is the proper party against which a remonstrance suit must be brought. See Hannah v. City of South Shore, Ky., 332 S.W.2d 247; Hardin v. City of St. Matthews, Ky., 240 S.W.2d 554; Lewis v. Board of Councilmen of Frankfort, 305 Ky. 509, 204 S.W.2d 813. The language of the pertinent statute impels the conclusion that the city is the party against which the remonstrance is to be brought.

It is well settled that an action against members of a Board of Council, or members of any governing group of a municipal corporation, is not to be equated with an action against the corporate entity. Some of the authorities so holding are: Buckner v. Clay, 306 Ky. 194, 206 S.W.2d 827; Howell v. Haney, Ky., 330 S.W.2d 941; Johnson v. King, Ky., 349 S.W.2d 845. Therefore, the original suit filed against the members of the Board of Council did not constitute a suit against the City of Danville.

■ The amended complaint naming the City of Danville as a party was not filed "within thirty days" after the enactment of the annexation ordinance, as required by KRS 81.110. Clearly, if the suit had been first filed at the date of the amended complaint it would have been too late. The question arises whether the amended complaint may relate back to the time of the timely filing of the original complaint. Although CR 15.03 provides that an amendment shall relate back to the date of the original pleading "(W)henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading * * *" the rule is inapplicable if the amendment substitutes a different party defendant after the statute of limitation has run. Clay, CR 15.03, Author's Comment 4, p. 275; Howell v. Haney, Ky., 330 S.W.2d 941.

■ We have consistently recognized that annexation is primarily a matter of legislative function. Moreover, we have adhered to the principle that it is a legislative function to prescribe the facts and conditions under which annexation may take place. The judicial function is to find whether the legislatively imposed facts and conditions exist. City of Louisville v. Kraft, Ky., 297 S.W.2d 39, 42. In the present situation a prime condition imposed by the legislative function is that any remonstrance must be filed within thirty days after enactment of the annexation ordinance. When that condition is not met, the court is without authority to interpose judicial limitations or conditions inconsistent with those prescribed by the legislature. Yount v. City of Frankfort, Ky., 255 S.W.2d 632; Keathley v. Town of Jenkins, 194 Ky. 156, 238 S.W. 377; Department of Highways v. Matney, 290 Ky. 440, 161 S.W.2d 617; it follows, therefore, that the declared purpose of the respondent judge in undertaking to hear the untimely remonstrance suit is beyond the scope of judicial function. In the exercise of our duty to preserve the orderly administration of the laws we feel this case requires that the relief sought be granted.

■ The respondent has filed response herein in which he points out that his course of action is founded on his belief that to follow it is to lend recognition to substance over form. In the area at hand, in which the judicial function is delicately balanced and narrowly restricted by reason of the basic legislative nature of the case, we feel that more than "form" is involved. The legislative branch has prescribed a limited period (30 days) for seeking judicial review of annexation proceedings. When remonstrants fail to invoke properly the judicial review within the alloted time the curtain effectively closes upon judicial review—the jurisdiction of the court has terminated. It is our view that respondent's proposed action to try the merits of the remonstrance suit would be a usurpation of jurisdiction within the meaning of Schaetzley v. Wright,

Ky., 271 S.W.2d 885. Moreover, the circumstances at hand are adequate to evoke our discretionary power to grant the relief sought as against the respondent judge.

We decline to grant relief as to the four freeholders who instituted the remonstrance suit. Fundamentally, the order of prohibition is to enable this Court to exercise general control of inferior jurisdictions, and is not issued against nonjudicial litigants. Ky. Constitution, Section 110; Sandusky v. Alsmiller, 291 Ky. 666, 165 S. W.2d 342; Pruitt v. Davidson, Ky., 334 S. W.2d 899.

It is ordered that the respondent proceed no further in the remonstrance suit pending in the Boyle Circuit Court styled Mildred Benedict, et als. v. Perry Hawn, et als., identified as File No. 2487 upon the docket of the Boyle Circuit Court, except to enter such order or orders as may be required to dismiss the action appropriately. The prayer for relief against appellees Mildred Benedict, Charles Onstott, Gregory Case and Johnnie Logue is denied.