## Johnson, et al. v. Hardy-Burlingham Mining Company, et al.

(Decided November 28, 1924.)

### Appeal from Perry Circuit Court.

1. Master and Servant—Compensation Act Construed liberally.— Court's policy is to construe Workmen's Compensation Act liberally.

2. Master and Servant—Procedure in Substantial Compliance with Compensation Act Upheld.—Steps taken under Workmen's Compensation Act will be upheld, if in substantial compliance with terms of statute and effectual to fully protect interests of adverse parties.

3. Master and Servant—Lawful Dependent Giving Notice of Claim May be Submitted as Beneficiary in Award to One Not Entitled to Compensation.—Under Workmen's Compensation Act (Ky. Stats., sections 4896, 4902), lawful dependent of employee, for whose death compensation has been improperly awarded to one not entitled thereto, such as bigamous wife, in proceedings to which lawful dependent was stranger, may claim unpaid portion of award by giving notice of claim at any time before full payment, and board may thereupon substitute her as beneficiary.

4. Master and Servant—Application for Substitution as Beneficiary in Compensation Award Held Sufficient Compliance with Statute Requiring Notice of Claim.—Formal written application to compensation board, with due notice to employer and insurer, by lawful wife of deceased employee, for substitution as beneficiary in original award to bigamous wife, held substantial, and hence sufficient compliance with requirement of Ky. Stats., section 4896, as to notice.

5. Master and Servant—Compensation for Death of Employee Working in Dangerous Place in Violation of Rule Properly Reduced.— Under Workmen's Compensation Act (Ky. Stats., section 4910), compensation board may reduce compensation for death of employee working in dangerous place in opposition to instructions from superiors, and in violation of employer's rule, by 15 per cent.

J. B. ADAMSON and TALBOTT & WHITLEY for appellant.

HOLLY W. FLUTY and BEVERLY R. JOUETT for appellees.

Opinion of the Court by Judge Thomas—Reversing.

This proceeding chiefly involves the procedural provisions of our Workmen's Compensation Act, being sections 4880, 4987 inclusive of the 1922 edition of Carroll's Kentucky Statutes. Such statutes have for their pur-

pose the furnishing of a speedy and scientific adjustment of compensation for industrial injuries arising out of and occurring in the course of the servant's employment. Besides abolishing the old common law remedies as well as defenses for the recovering of compensation to the injured servant, the statutes provide entirely new machinery which they substitute for the law courts in the prosecution of claims before the board provided in the acts for making the compensation awards, and it is the policy of courts, including this one, to construe the provisions of the act liberally so as to accomplish the purpose intended by its enactment. Especially is that true with reference to the procedure provided for, and whenever it appears that the steps taken by the one whose duty it is to do so are in substantial compliance with the terms of the statute, and, as taken, are effectual for the purpose of fully protecting the interests of the adverse party or parties, they will be upheld notwithstanding there might not be a literal compliance with the statutory provisions. Cases from this court since the enactment of our statute adopting such rule of construction are: Hollenbach Co. v. Hollenbach, 181 Ky. 262; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815; Frye's Gdn. v. Gamble Bros., 188 Ky. 283; Workmen's Compensation Board v. U. S. Coal & Coke Co., 196 Ky. 833, and Ashland Iron & Mining Co. v. Daniel, 202 Ky. 19. But of course it is not meant by the adoption of that liberal rule to entirely dispense with mandatory requirements, for if they are not substantially performed and observed, the party in default will be deprived of the remedies and reliefs contained in the statute. With these observations in mind we will proceed to consider this case upon its merits.

On May 8, 1919, Lewis P. Johnson was employed by the Hardy-Burlingham Mining Company as a workman in its coal mine and both the employer and the employee were operating under our Workmen's Compensation Act. On that day a piece of slate fell upon Johnson while he was at work in the mine, inflicting injuries upon him from which he soon thereafter died, and the accident as well as the consequent injury was such as is compensable under the act. In 1912 Johnson had married the appellant, Bertha Johnson, and about two years thereafter a child, the appellant Lewis Frank Johnson, was

born as the result of that marriage. About the time of the birth of the child, Lewis P. Johnson abandoned his wife, who retained custody of the child, and he disappeared from the home. He did not contribute to the maintenance and support of either his wife or child at any time thereafter, nor was he ever divorced from his wife, which left the bonds of matrimony between them subsisting at the time of his death. However, some two years or more before his death, and without the knowledge of his first wife, the appellant, Bertha Johnson, he married another woman known in this record as Cora Johnson and with whom he lived at the time of his death. She, under the provisions of the statute, entered into an agreement with the employer of her supposed husband and the company insuring it whereby she was to receive the full compensation provided for a surviving dependent widow less 15 per cent, which reduction was made pursuant to section 4910 of the statute upon the ground that the accident to the deceased employee was caused or partially caused by his intentional failure to observe a lawful and reasonable rule, regulation and direction made and given by his employer. That agreement was, under the provisions of the statute, made the award of the board and Cora Johnson received payment thereunder for something like one year. About eight or nine months after the death of L. P. Johnson, his lawful wife, the appellant Bertha Johnson, learned for the first time of his death, and for some months following that information she seems to have been trying to collect some small amounts of industrial insurance on the life of her deceased husband.

After more than a year had elapsed from the time of his death, Bertha Johnson made formal application to the Workmen's Compensation Board for an allowance to her and her infant child as the sole dependents of the deceased, and Cora Johnson was made a party to that application. Upon a hearing before the board, at which evidence was introduced, it discontinued the allowance to Cora Johnson and dismissed the application of Bertha Johnson and her infant son upon the ground that the application was barred because it was not made within one year after the death of the employee, as is required by section 4914 of the statute; and it disallowed the claim of the infant child of Bertha Johnson upon the additional

ground that he was not a dependent under the provisions of section 4984 of the statute so as to entitle him to compensation for the death of his father because under clause (c) of that section he was not living with his deceased parent nor was he then or had ever been actually supported by the deceased. This proceeding by way of appeal to the circuit court by the filing of a petition therein for a review of the finding of the board then followed, and upon a hearing in that court the award of the board was confirmed, and to review that judgment this appeal is prosecuted.

Numerous grounds for a reversal of the judgment are vigorously urged and ably argued by counsel for appellants and are in the same manner combatted by counsel for appellees, but because of the conclusions we have reached, we have concluded to discuss and determine but one of them and which, as we construe the statute, rendered both the award and the judgment of the circuit court erroneous and authorizes their reversal and a direction to the board to substitute the appellant, Bertha Johnson, for Cora Johnson as the beneficiary in the award originally made by the board in adopting the agreement made by Cora Johnson with the employer and its insurance company.

Section 4896 of the statutes, which is section 15 of the act when passed by the legislature, says in part: "Payment of death benefits, in good faith, to a supposed dependent or to a dependent subsequent in right to another or other dependents shall protect and discharge the employer and insurer unless and until the lawful dependent or dependents prior in right shall have given the employer or insurer written notice of his or their claim;" while section 4902 of the statutes, which is section 21 of the act, says: "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, *or change or revoke its previous order,* sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder." (Our

italics). And it is our interpretation of the statute that those provisions are applicable to the state of facts here presented, and that those of section 4896 furnish the right of a true dependent under the act to obtain by substitution the unpaid compensation that may have been originally awarded to a supposed one, and that the provisions of section 4902 furnish the remedy for such a dependent to obtain the relief of substitution; and, since there is no limitation upon such remedy (except that it must be resorted to before the entire compensation is paid to the supposed dependent in the award as originally made), it may be adopted by the true and correct dependent at any time before full satisfaction. A casual reading of section 4896 can lead to no other conclusion than that the true and lawful dependent may, after the award has been made to an improper one, obtain the remainder of the award by giving to "the employer or insurer written notice of his or their claim." Necessarily the actual dependent would be a stranger to the proceedings resulting in the award and the statute so contemplates, since no purpose could be accomplished by such one afterwards giving notice of his claim when he was a party *ab initio* to the proceedings. The statute clearly contemplates an intervention by a stranger to those proceedings, and its language to our mind is susceptible of no other conclusion. Hence, section 4902 authorizes the board upon its own motion, "or upon the application of any party interested," and the development of sufficient facts, one of which is that of mistake, to "at any time" review its award and to put an end to the compensation made therein "or change or revoke its previous order," and such a review by the board for the purposes enumerated in the statute "shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

Cora Johnson not having been legally married to the deceased was not under the provisions of the act a lawful dependent; especially was that true when there was surviving a lawful wife, and the board had the right to end or suspend the award as to her under the provisions of the last two sections referred to and to "change or revoke its previous order directing the payment of the award" to her. It is also clear and it is our conclusion that it had the right under section 4902 to also *change*

its award by substituting the beneficiary thereunder with another possessing a superior right.    Nor can there be any doubt in our minds that such right to substitution is clearly provided for by section 4896 *supra*, provided the true dependent gives the written notice therein specified.

Waiving all controversy about the writing of letters by, for or on behalf of Bertha Johnson, we are thoroughly convinced that her formal and written application to the board, with due notice to the employer and its insurer as well as to the compensation board, was a substantial if not a technically literal compliance with the requirement in section 4896 as to the giving of notice, and that being true it necessarily follows that on that hearing it was the duty of the board to substitute Cora Johnson, as the beneficiary in the original award, with that of Bertha Johnson, the true and correct one, and to direct that payments made after giving of the indicated notice should be made to her until the award was satisfied.    Our interpretation of the two sections referred to would appear to be sustainable even in the absence of the liberal rule first referred to herein, but were it not so the observance of that rule fully justifies it.    This conclusion, as hereinbefore intimated, renders it unnecessary to discuss other errors urged against the judgment, and they will not be further referred to.

Nor do we deem it necessary to determine whether the infant appellant who is under sixteen years of age is presumptively a dependent under the provisions of subdivision (c) of section 4896 of the statutes because of the proven and admitted facts as to him not residing with or supported by the deceased, since we conclude that the same purposes are accomplished as to the infant by directing the award to be made to its mother, who as such and as its next friend will no doubt use its proportionate part in its support and maintenance.    Its right, however, to share in the award and to enforce that right as between the mother and itself if she should deny it are not determined or concluded by this opinion.

But, it is insisted that as to the appellants here, this court should direct a modification of the award as originally agreed to by the board by disallowing the reduction of 15 per cent, upon the ground hereinbefore pointed out, because it is insisted the reduction is unsupported by any evidence.    However, we do not so read the record, since

upon the hearing of the application of appellants before the board it was shown that the deceased engaged in his dangerous place of work in opposition to instructions from his superiors and in violation of a rule of his employer, and under the provisions of section 4910 of the statute the board was authorized to make the reduction. It impliedly found the facts to be so in the award made to Cora Johnson and those facts were established by the evidence heard upon the application of Bertha Johnson, and we therefore find nothing in the record to sustain this contention.

Wherefore, the judgment is reversed with directions to the board to substitute the name of Bertha Johnson in the place of Cora Johnson as beneficiary under the original award, and that she receive all payments with interest thereon due under the award from the date of the suspension as to Cora Johnson, and for further proceedings consistent with this opinion.