## Cornwell v. Commonwealth et al.

March 4, 1947.

John J. Winn, Judge.

Howard H. Whitehead for appellant.

Eldon S. Dummit, Attorney General, and C. F. Kelly, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On August 16, 1943, the appellant was injured in the course of his employment with appellee. Under the provisions of the Workmen's Compensation Act, Chapter 342, KRS, it was agreed that appellant was to be paid the sum of $15 per week, based upon an average weekly wage of $25 per week, and that such compensation "shall be payable from and including the 16th day of August 1943, until terminated, in accordance with the provisions of the Workmen's Compensation law of the State of Kentucky." The agreement was executed on a standard form used for such purposes, and, among other things, stated that the length of disability was undetermined. It was filed with the Workmen's Compensation Board on August 22, 1944, and approved by the Board on August 23, 1944. This approval gave the agreement the force and effect of an award. KRS 342.265. Black Mountain Corporation v. Middleton, 243 Ky. 527, 49 S. W. 2d 318; Standard Accident Insurance Co. v. Hinson, 251 Ky. 287, 64 S. W. 2d 574.

The compensation was paid regularly until January 20, 1945, at which time the payments were suspended.

On October 12, 1946, the appellant, pursuant to the provisions of KRS 342.305, filed a petition in the circuit court asking for judgment in accordance with the terms of the agreement. A demurrer to the petition was sustained and the court refused to enter the judgment prayed for. This appeal followed.

The determination of the question presented here depends upon the construction of KRS 342.270 and KRS 342.305. KRS 342.270(1) provides: "(1) If the parties fail to reach an agreement in regard to compensation under this chapter, or if they have previously filed such an agreement with the board and compensation has been paid or is due in accordance therewith and the parties

thereafter disagree, either party may make written application to the board for a hearing in regard to the matter at issue and for a ruling thereon. Such application for a hearing must be filed as soon as is practicable after disagreement or after the cessation of voluntary payments, if any have been made." KRS 342.305 permits any party in interest to file, in the circuit court of the county in which the injury occurred, a certified copy of an agreement approved by the Board. When this is done "the court shall render judgment in accordance therewith and notify the parties."

It is claimed by the appellee that KRS 342.270 requires that appellant first make application to the Board for a hearing, and this is the view that the circuit court took. On the other hand, appellant insists that the provisions of KRS 342.305 are applicable and the entry of a judgment in accordance with the agreement, as approved by the Board, is required. The phraseology of KRS 342,305 seems to sustain this contention. The effect of that section is that when a certified copy of an agreement which has been approved by the Board is filed in the circuit court, judgment must be rendered in accordance therewith. A careful examination of KRS 342.270 leads us to the conclusion that this section applies to two situations—first, where the parties have failed to reach an agreement in regard to compensation, and second, where the parties have filed an agreement with the Board and thereafter disagreed before the agreement has been approved by the Board. In other words, we think that if the agreement reached by the parties has been approved by the Board, then KRS 342.-305 applies, and proceedings may be had in the circuit court in accordance with the provisions thereof; but, if the agreement reached between the parties has for any reason not received approval of the Board, KRS 342.270 is applicable, and a party must first make application to the Board for a hearing. To apply KRS 342.270 to a situation such as we have here, where the agreement between the parties has been approved by the Board and therefore has the force and effect of an award, would render meaningless the clear provisions of KRS 342.305.

An award is in the nature of a judgment, and rights acquired under it cannot be destroyed by a refusal to recognize it. It would be unfair to compel the injured

employee to have the case reopened and prove his right to the compensation. The burden is upon the one claiming a change in conditions upon which the award is rested. Standard Accident Insurance Co. v. Hinson, supra, and authorities therein cited.

The construction which we have placed upon these sections of our Workmen's Compensation law does not prejudice the rights of any party to an agreement which has the approval of the Board. Since an approved agreement is treated as an award, the provisions of KRS 342.-125 apply, and any interested party may make application to the Board to have the cause reopened and show a change of condition, mistake, or fraud. Upon such showing the Board may at any time end, diminish, or increase the compensation previously awarded. This is the procedure which should be followed by the appellee in the event it is believed there has been such a change in the physical condition of appellant as to warrant a reduction in the compensation specified in the agreement.

The judgment of the court below is erroneous and the appellant is entitled to the relief asked for, subject of course to the right of appellee to make application to the Board under KRS 342.125.

The judgment is reversed for proceedings consistent herewith.