**WELLS v. FOX RIDGE MINING CO.**

Court of Appeals of Kentucky.
Nov. 9, 1951.

A. G. Patterson, Pineville, for appellant.
L. O. Siler, Williamsburg, for appellee.

MOREMEN, Justice.

This is an appeal from a judgment of the Bell Circuit Court in which an award of the Workmen's Compensation Board was affirmed.

Appellant, Gill G. Wells, while employed by the appellee, Fox Ridge Mining Company, was injured on June 17, 1946. His chest was crushed, several ribs were broken, and both clavicles were fractured. The left clavicle did not heal and, in the fall, an attempt was made by surgery to unite the divided segments. It was not successful and there is now no union at the point of severance.

At the time of the accident, appellant was a track layer in the mine, a job which required considerable strength and dexterity. After the day of the injury, he was never again capable of performing this work. On December 26, 1946, he returned to the mine and undertook the duties of night watchman, but he was unable to discharge even this comparatively light work without the aid of his son. On June 15, 1947, appellant and appellee entered into an agreement whereby his disability was established as $22\frac{3}{4}$ per cent permanent partial disability to the body as a whole. On July 30, 1947, by agreement, appellant was paid a lump sum

settlement. Both agreements were approved by the board. On August 31, 1947, his employment as night watchman was terminated.

On October 7, 1949, upon motion of appellant, the board ordered the case reopened for the reception of further proof. Thereupon, appellant made application for adjustment of compensation on the ground that he was totally and permanently disabled. The cause was heard by the referee, who refused to accept appellee's theory that Wells' disability was due for the most part to his age, and stated: "We further believe that the settlement in question was entered into as a result of a complete under-estimate of plaintiff's disability and as a result of a mistake on the part of plaintiff's disability, which mistake is of the character contemplated by KRS 342.125."

KRS 342.125 reads in part: "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded * * *."

The full board differed with its referee concerning the correct interpretation of this statute and said:

"The only grounds upon which an award can be reopened are change of condition, mistake or fraud. If a contract is fairly entered into, and if the parties deal at arm's length, and all legal requirements are met, a contract must stand as made. * * * There is no testimony at all in this case to to the effect that the plaintiff was over-reached by fraud. He does not testify that there was any misrepresentation made to him or that he was misled in any way. All that he claims in that respect is that he didn't know that he was settling for the basis of 22¾% because he did not read the contract. However he is a man who is able to read and write, and if he signed it without reading it, he cannot claim any benefits from his own neglect. The record is equally destitute of any evidence of mistake. There is evidence of regret on the part of plaintiff that he entered into the agreement, but that is not what is meant by 'mistake' as used in the statute."

The opinion, written by Hon. Allen P. Cubbage, also pointed out that appellant made no contention that his condition had changed for the worse since the date of the settlement, but had insisted that he was totally and permanently disabled from the time of the accident.

We are confronted with the question: What does the word "mistake," as used in the statute, mean? We have held that the board may review an award in order to correct a mistake in computation, Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S.W. 1010, and to substitute a lawful wife as beneficiary in place of a bigamous one, Johnson v. Hardy-Burlingham Mining Company, 205 Ky. 752, 266 S.W. 635. In most of the cases we have reviewed, the "mistakes" were accompanied with some change in the condition of the injured person. In the case of Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S.W.2d 518, it was held that the statute authorizing the board to change its order because of "mistake" included mistakes of law as well as fact, but mistake, regardless of whether it is of law or fact, must be founded upon ignorance before relief may be granted on account of it. Woodworth v. Prudential Ins. Co., 171 Misc. 585, 13 N.Y.S.2d 145. In the case of McGeorge v. White, 295 Ky. 367, 174 S.W. 2d 532, 533, 153 A.L.R. 1, in regard to contracts generally, we said: "Subject to some qualifications not applicable here, equity will afford relief by rescission to either party if there was a mutual mistake, based upon ignorance or misapprehension, as to a material thing connected with the subject matter or essential in the inducement to or formation of the contract or involving the entire consideration. The mistake is so classified if the contract would not have been made had the truth been known to the parties."

In the record under consideration, we find no evidence that appellant now has a material fact which he did not know at the time he made the contract with his employer, which was approved by the board. The settlement was not tainted by fraud. There has been no change in his physical condition. Every fact which he now pro-

duces was known to him at the time the settlement was had. We cannot correct what appears to have been a bad bargain on his part in the absence of proof to sustain the burden placed upon him by KRS 342.125.

In the case of Cornwell v. Commonwealth et al., 304 Ky. 182, 200 S.W.2d 286, 287, it was written: "An award is in the nature of a judgment, and rights acquired under it cannot be destroyed by a refusal to recognize it. It would be unfair to compel the injured employee to have the case reopened and prove his right to the compensation. The burden is upon the one claiming a change in conditions upon which the award is rested."

Likewise, it would be unfair to compel the employer to reopen the case and to prove that the settlement was correct in every respect, in the absence of a showing that a statutory ground existed.

The judgment is, therefore, affirmed.