## KATTERJOHN et al. v. ADAMS.

Court of Appeals of Kentucky.

June 20, 1952.

David R. Reed, Paducah, for appellants.

R. Hall Hood, Murray, for appellee.

MOREMEN, Justice.

Appellants, George W. Katterjohn, employer, and his insurance carrier, the U. S. Fidelity and Guaranty Co., seek reversal of a judgment by which they were ordered to pay appellee, Leston Adams, employee, benefits under the Workmen's Compensation Act.

On April 20, 1949, appellee was injured, and on the following day an agreement on Workmen's Compensation Board's Form No. 9 was executed by the parties to this appeal. All blanks of the form were not filled in, and it read:

"Agreement Between Employer and Employee as to Payment of Compensation.

"We, Leston Adams, residing at Route #2, Kirksey, Ky. and Geo. W.

Katterjohn & Son have reached an agreement in regard to compensation for the injury sustained by said employee, and submit the following statement of facts relative thereto:—

"1. Said injury was sustained on April 20, 1949, at ——M

"2. Nature of Injury Fellow Workers dropped panel on back, causing muscular injury.

"3. Period of disability: From 4-21-49 to ——19 —— at ——M

"4. Employee's average weekly wage at time of injury: $46.00

"5. Permanent, total or partial disability ——————(968)

"6. Terms of agreement as to compensation: $21.00 per week for No. Weeks —— beginning 4-21.49——

"7. ——————

(If disability has not ended at time

this agreement is filed give estimate

as to probable date employee will be

——————."

able to resume work)

On this same day it was examined and approved by the Workmen's Compensation Board. The agreed sum of $21 per week was paid to Adams until July 21, 1949, at which time the insurance carrier stopped payment. On February 1, 1950, on Board's Form No. 11 Adams filed application for an adjustment under his claim and two weeks later filed a verified motion to re-open the case on grounds of fraud and mistake. Appellee did not pursue the purposes of this motion but instead, on November 8, 1950, under authority of KRS 342.305, filed in the circuit court a certified copy of the memorandum of the agreement on Form No. 9 and served notice on appellants that a motion for judgment on this award would be made. Appellants filed motion to strike, a demurrer, and a response. Appellee demurred to the response.

Upon submission of the whole case the court overruled appellants' motion and demurrer but sustained the demurrer to the response, whereupon appellants declined to plead further and the court entered judgment by which appellee recovered compensation benefits at the rate of $21 per week from July 21, 1949, to date. It was further adjudged that he continue to recover compensation at the same rate until the award theretofore entered by Workmen's Compensation Board should be modified or set aside, in no event to exceed the maximum provided by law.

Appellants contend that: (1) the agreement was void because of uncertainty and, therefore, did not constitute an award; (2) the agreement was ambiguous—was not treated as an award by the parties—and under the rule of contemporaneous construction should not be treated as an award by the court; (3) in order to entitle an employee to judgment on an award in the circuit court he must plead continued disability; and (4) full recovery constitutes a defense to the action on the award.

We cannot accept appellants' theory that the agreement was either uncertain or ambiguous. It was of the type generally called an "open" agreement, the implication of the word being that the parties at the time were unable to determine exactly the full extent or duration of the injury, but were in accord concerning the fact that the injured employee was entitled to compensation at the time. The agreement was "open" to attack by either party when or if conditions changed. The parties found nothing vague and ambiguous in the contract between April 21 and July 21, 1949, when the employer paid and the employee accepted the sum of $270.

Neither do we accept appellants' contention as being correct, that the award must be established and is subject to attack in a proceeding brought in the circuit court under KRS 342.305. Any interested party to an agreement, which has been approved by the Workmen's Compensation Board, may make application under KRS 342.270 to have the case re-opened and, upon a showing of change of condition, mistake or fraud, the Board may end, diminish or increase the compensation. But this must be done before the Board and not in the circuit court after proceedings have been instituted under KRS 342.305.

We believe Cornwell v. Commonwealth, 304 Ky. 182, 200 S.W.2d 286, 287,

954

is decisive of the case under consideration because it is authority for the rule that any proposed changes in an agreement which has the force of an award should be presented first to the board and when such condition precedent has not been met, it is incumbent upon the circuit court to enter judgment in accordance with the award. We said:

"The phraseology of KRS 342.305 seems to sustain this contention. The effect of that section is that when a certified copy of an agreement which has been approved by the Board is filed in the circuit court, judgment must be rendered in accordance therewith. A careful examination of KRS 342.270 leads us to the conclusion that this section applies to two situations—first, where the parties have failed to reach an agreement in regard to compensation, and second, where the parties have filed an agreement with the Board and thereafter disagreed before the agreement has been approved by the Board. In other words, we think that if the agreement reached by the parties has been approved by the Board, then KRS 342.305 applies, and proceedings may be had in the circuit court in accordance with the provisions thereof; but, if the agreement reached between the parties has for any reason not received approval of the Board, KRS 342.270 is applicable, and a party must first make application to the Board for a hearing. To apply KRS 342.270 to a situation such as we have here, where the agreement between the parties has been approved by the Board and therefore has the force and effect of an award, would render meaningless the clear provisions of KRS 342.305."

Appellant attempts to distinguish this case from the Cornwell case because of the fact that the agreement in the latter case provided that the award "should be payable from and including the 16th day of August, 1943, until terminated in accordance with the provisions of the Workmen's Compensation law of the State of Kentucky." We fail to recognize this distinction because all awards are subject to be termi-nated according to law. The statement was mere surplusage and added nothing to the agreement.

We are of opinion that the judgment of the trial court was correct and, therefore, it is affirmed.