**760**

Lester GREGORY, Appellant,

v.

LOUISVILLE TAXICAB & TRANSFER
COMPANY, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

Rehearing Denied May 25, 1962.

Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

Hubert T. Willis, Louisville, for appellee.

MILLIKEN, Judge.

The trial court granted Lester Gregory, a former employee of the Louisville Taxicab & Transfer Company, a substantial money judgment against the Company for Workmen's Compensation benefits which it found had accrued under its interpretation of an agreement signed by the parties and filed and approved by the Board and at the same time enjoined Gregory from enforcing the judgment on the theory that the Company had not intended to make such an extensive agreement. Needless to say, both litigants are dissatisfied and have appealed from the portions of the judgment which adversely affect them, respectively. An anomalous procedural situation has arisen from decisions of this Court construing the Workmen's Compensation Act as will be revealed hereinafter.

The action grew out of injuries received February 28, 1956, by Gregory when he was beaten up by three teenage passengers in the taxicab he was operating for the Company in the City of Louisville. On March 15, 1956, Gregory and the Company entered into an agreement for Workmen's Compensation benefits on the standard form of the Workmen's Compensation Board denominated "Agreement As To Compensation" on which it was stipulated that Gregory had suffered a lacerated scalp and skull fracture, and that his probable length of disability was "undetermined." The Agreement recited that the Company would pay Gregory $27 a week benefits, the maximum amount payable under the Act, from the date of injury—February 28, 1956—"until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Kentucky." The Agreement was approved by the Workmen's Compensation Board on March 19, 1956. After approximately twelve weekly payments the Company stopped them when Gregory returned to work on April 29, 1956, and Gregory left the Company's employment a few weeks later in May, 1956. Nearly four years later Gregory filed the present action in the Jefferson Circuit Court on the theory that the Agreement having been filed with and approved by the Board, had become an award of the Board (KRS 342.-

265) and entitled him to the maximum benefits for permanent and total disability.

This type of an agreement is known as an "open" agreement and has been construed by this Court in Katterjohn v. Adams, Ky., 249 S.W.2d 952, and in Cornwell v. Commonwealth, 304 Ky. 182, 200 S.W.2d 286. The effect of those decisions is to compel the employer to get the consent of the Board before stopping payments under such an agreement. In sustaining a judgment for the employee in a factual situation similar to the one in the case at bar, this Court pointed out in Cornwell v. Commonwealth, above, that the judgment thus granted the employee was "subject of course to the right of the appellee (employer) to make application to the Board under KRS 342.-125," which provides:

> "Review by board of award or order. (1) Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, *the board may at any time review any award or order,* ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder." (Emphasis ours.)

In the light of the nature of the employer's defense (stricken by the trial court) that it did not intend to agree to voluntarily make payments except for the period of the employee's temporary total disability and had not intended the agreement to cover any permanent disability, the trial court should have given judgment for the employee for the accrued compensation, but remanded the case to the Board for a determination of the degree of permanent disability, if any, the employee had

sustained. Since the Board has the power under the statute to end the award if it sees fit, the trap of the employer allegedly resulting from the Cornwell and Katterjohn opinions may be escaped to an extent in the proper case through action of the Board on motion of the employer to reopen the award or on remand to the Board as we here direct.

The writer of this opinion believes that the Cornwell opinion is based upon a misinterpretation of the effect of an open agreement such as the one involved in this case, but his colleagues think otherwise.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.