**Cecil ASHCRAFT, Appellant,**

v.

**CAPCO–DELUXE GENERATOR COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1964.

Rehearing Denied April 17, 1964.

———◆———

James A. Nolan, Ware, Bryson & Nolan, Covington, for appellant.

Harry K. Aurandt, Covington, for appellees.

DAVIS, Commissioner.

This appeal from the Kenton Circuit Court arises under the Workmen's Compensation statutes and presents unique facts. The understanding of the questions involved depends upon grasp of the series of incidents from which the controversy stems. The incidents occurred in this chronological order:

Appellant, Ashcraft, sustained a compensable injury on March 2, 1961, while at work for appellee company.

On June 20, 1961, a compensation agreement between appellant and appellee was examined and approved by the Workmen's Compensation Board. The agreement was on the standard S.F. 4 form provided by the Board. The form agreement contained, among others, these two pertinent provisions: "Probable length of disability 3–6 weeks"; and, "That the said Cecil Ashcraft shall receive compensation at the rate of $35.10 per week based upon an average weekly wage of $54.00 and that said compensation shall be payable from and including the 6th day of March, 1961, until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Kentucky."

The appellee employer paid the prescribed $35.10 for eight weeks, to and including May 12, 1961, at which time payments were discontinued, and the appellant resumed his regular duties working for appellee at the full rate of pay he had drawn prior to the accident.

On May 4, 1962, the present appellant filed proceedings in Kenton Circuit Court, pursuant to KRS 342.305, seeking judgment for $2,000.70. The action was founded on the claim that the compensation agreement was equivalent to an award by the Board, and that it had not been terminated, so payments at the rate of $35.10 per week had accrued for the benefit of Ashcraft for the 57 weeks since the last payment had been made on May 12, 1961.

On July 27, 1962, there was entered in the Kenton Circuit Court a judgment which denied the relief sought by Ashcraft. No appeal was taken from that judgment.

In November, 1962, Ashcraft moved the Compensation Board to reopen the award, but the Board denied that motion on the theory that there was nothing to reopen, inasmuch as there had never been a Board order terminating the agreed compensation under the S.F. 4 agreement.

On February 28, 1963, the appellee employer filed its motion with the Board seeking to have the claim reopened on the grounds of mistake, fraud and change of condition. This motion was overruled by the Board for the stated reason that there was inadequate showing of changed conditions. KRS 342.125.

The employer then appealed to the Kenton Circuit Court from the Board's ruling on its motion; that procedure was filed April 24, 1963. In the same proceeding (from which the instant appeal arises) the present appellant filed counterclaim seeking to recover $1,825.00.[1]

---

1. The counterclaim sought $1,825.00 as the amount due from May 4, 1962, to April 30, 1963, plus 6% interest on past due installments, plus $35.10 per week thereafter for the compensable period, or until the compensation agreement is terminated by the Board.

The Kenton Circuit Court rendered summary judgment July 16, 1963, dismissing the counterclaim of the employee. It is from that judgment that this appeal has been granted under KRS 21.080.

The appellant maintains that the judgment should be reversed on the theory that the compensation agreement had the effect of an award of the Board, and that it remains in full force until officially terminated by order of the Board. In support of that contention our attention is directed to three decisions of this court: Katterjohn v. Adams, Ky., 249 S.W.2d 952; Cornwell v. Commonwealth, 304 Ky. 182, 200 S.W.2d 286; and Lester Gregory v. Louisville Transit & Transfer Co., Ky., 356 S.W.2d 760.

The appellee concedes that the cases just cited do afford authority for the principle urged by appellant, but contends that the case at bar is distinguishable from those cited, and that the claim of appellant is foreclosed by the rules of *res judicata*.

In our view *res judicata* is determinative of this case. It is undisputed that the Kenton Circuit Court had jurisdiction of the parties and the subject matter of the first suit wherein Ashcraft sought recovery of $2,000.70. The sole basis upon which Ashcraft could predicate recovery in that action was the continuing validity of the compensation agreement to pay $35.10 weekly. The effect of the circuit court's judgment was to judicially determine—to adjudicate—that Ashcraft had no legally extant compensation award entitling him to recover any sum.

The Kenton Circuit Court judgment attained unchallenged finality by Ashcraft's failure to appeal from it. Thus, the pivotal question as to whether Ashcraft has a legal compensation award in this situation is no longer open as between him and the appellee. It is *res judicata*. Ashcraft had only one *cause of action*; that was the compensation agreement. He may not relitigate the question as to whether that cause of action now exists. The wellspring

of his right to have money was the compensation agreement; it was found to be dehydrated by the first judgment. Nothing that has occurred since the judgment serves to replenish that withered fountain. See Vaughn's Adm'r v. L. & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060, and 30A Am.Jur., Judgments, § 363, p. 403, et seq.

The judgment is affirmed.