Chester E. HEASTON, Appellant,

v.

BERNDSEN–JONES, INC., Appellee.

Court of Appeals of Kentucky.

March 21, 1969.

Eugene H. Alvey, Louisville, for appellant.

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for appellee.

WADDILL, Commissioner.

This action was brought pursuant to the provisions of KRS 342.305 to obtain a judgment for unpaid compensation allegedly due under an award of the Kentucky Workmen's Compensation Board. The Jefferson Circuit Court held that the alleged award had been terminated and entered judgment dismissing the action. We are reversing the judgment because we are of the opinion that the court's finding and conclusion are clearly erroneous.

On March 30, 1963, appellant sustained a ruptured intervertebral disk while at work for appellee. Both parties were operating under the provisions of the Workmen's Compensation Act. KRS, Chapter 342. On April 30, 1963, these parties and appellee's insurance carrier signed an agreement which stated that the length of disability was undetermined and that appellant would be paid "compensation at the rate of $38.00 per week * * * from and including the 31st day of March 1963 until terminated in accordance with the provisions of the Workmen's Compensation Law of the state of Kentucky." The agreement was filed with the Workmen's Compensation Board on May 6, 1963, and approved by the Board on May 7, 1963.

Several years later appellant filed the present action on the theory that the agreement, having been filed with and approved by the Board, had become an award of the Board and entitled him to the unpaid compensation due under the award. Appellant alleged in his complaint that appellee had paid some of the compensation due him under the award, the last payment being made on March 11, 1966. He further alleged that the award was in full force and effect and that he was entitled to recover past-due compensation of $8,645.00, plus the prospective benefits until the award is terminated in accordance with the provisions of the Workmen's Compensation Act.

Appellee filed an answer denying that appellant was entitled to recover any compensation and affirmatively asserted that the alleged agreement (or award) relied on by appellant had been terminated by a document captioned "Final Receipt on Account of Compensation for Temporary Disability" which had been signed by the appellant and filed with the Compensation Board. A copy of this receipt, filed as an exhibit, shows that appellant had received from appellee $147.43, which sum represented compensation due from March 31, 1963 to April 28, 1963. Above the place provided for the signature of appellant, this language appears: "Additional Compensation May be Claimed if Permanent Impairment Results From the Injury."

Under these pleadings the circuit court sustained appellee's motion to dismiss the action on the ground that the agreement (or award) the parties had entered into had been terminated by the document referred to by appellee as the "Final Receipt."

When an action to enforce an award or order of the Board is instituted pursuant to KRS 342.305, a judgment may not be rendered allowing compensation unless a certified copy of the award is filed in the court proceeding. Since appellant filed a certified copy of the award it is presumed to represent the correct amount of compensation due. However, even the certified copy of the award may be attacked as being fraudulent. Under KRS 342.125 the award may be shown to be in error or subject to being credited with payments previously made. See Katterjohn v. Adams, infra.

When the Compensation Board approved the agreement the parties had filed with the Board, it then became enforceable as an award of the Board under the provisions of KRS 342.265. Gregory v. Louisville Taxicab & Transfer Company, Ky., 356 S.W.2d 760; Katterjohn v. Adams, Ky., 249 S.W.2d 952; Cornwell v. Commonwealth, 304 Ky. 182, 200 S.W.2d 286. In the latter case, in upholding a judgment for the employee in a factual situation similar to that in the instant case, we pointed out that "open agreements," which are those containing no stated or definite termination date, may be terminated by the Board under the provisions of KRS 342.125. However, the burden is upon the party seeking to change or terminate the award.

The "Final Receipt," upon which appellee relies as a complete defense to this action, was signed by appellant on April 29, 1963 (which was apparently the day before the agreement was executed), and was filed with the Board but was not approved by the Board. Hence, it is no more than a signed statement showing that appellant received $147.43 for past due compensation.

Since the award upon which appellant seeks to obtain a judgment is allegedly in full force and effect, the circuit court erroneously dismissed this action. However, in view of the state of the pleadings, which give rise to an issue as to whether compensation is validly due under the award, the circuit court should afford the parties a hearing to determine whether appellee can establish that the alleged copy of the award that was filed in this action is not in fact a true and correct copy of the award of the Board.

The judgment is reversed and the case is remanded to the Jefferson Circuit Court with directions to set the judgment aside and to overrule appellee's motion to dismiss this action and for further proceedings consistent with this opinion.

All concur.